E-FILED  2020 NOV 25 4:23 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JEANNETTE FRICKE,<br><br>         Plaintiff,<br><br>v.<br><br>DLL FINANCE LLC and MARTINA SCHUBERT<br><br>         Defendants. | Case No.<br><br><br>**PLAINTIFF'S PETITION AT LAW AND JURY DEMAND** |

COMES NOW the Plaintiff, Jeannette Fricke, for her Petition at Law and Jury Demand against the Defendants, DLL Finance LLC and Martina Schubert, respectfully states the following:

### INTRODUCTION

1. At all times pertinent herein the Plaintiff, Jeannette Fricke, (hereinafter referred to as "Plaintiff" or "Fricke") was and is an individual and resident of Polk, Iowa.

2. At all times pertinent herein the Defendants, DLL Finance LLC and Martina Schubert, (hereinafter referred to as "Defendants") was a legal entity with its location in Des Moines, Iowa in Polk, County, Iowa, and is and was licensed and operating under the laws of the State of Iowa and has four or more employees.

3. Upon information and belief, Martina Schubert was at all times material hereto, an employee of DLL Finance LLC, supervisor to Plaintiff, and a resident of Iowa.

4. Venue is appropriate because the actions complained about occurred through the employer located in Johnston, Iowa.

5. Plaintiff filed a complaint with the Iowa Civil Rights Commission (ICRC) on March 5th, 2020.

1

**EXHIBIT A**

E-FILED  2020 NOV 25 4:23 PM POLK - CLERK OF DISTRICT COURT

6.  Plaintiff's case with the Iowa Civil Rights Commission (ICRC) was administratively closed and a right-to-sue letter from the ICRC was received on July 30th, 2020.

7.  Relief in this case is sought against the Defendants in their individual, personal and official capacity and as respondent superior.

## FACTUAL BACKGROUND

8.  Plaintiff reincorporates paragraphs 1-7 and 72-122 as if pled herein

9.  Plaintiff was hired as a project manager by DLL Finance LLC in 2017.

10. December 2018, Plaintiff found out that she needed to undergo breast reduction surgery.

11. Plaintiff applied for and was granted Family and Medical Leave Act in January 2019.

12. Plaintiff was off work for one month after undergoing surgery on February 19.2019.

13. After she recovered and returned back to work on March 20, 2019 Plaintiff noticed that she was being treated differently. She was not given assignments at the usual pace.

14. On April 29, 2019, Martina Schubert became plaintiff's new supervisor.

15. Plaintiff noticed shorty after, around July 2019, she began to have issues with Schubert because of her hostile and dismissive attitude towards plaintiff.

16. Plaintiff noticed that she was being isolated by Schubert from work meetings with other employees.

17. Plaintiff also noticed that Schubert would treat other employees with respect and was professional towards them.

18. During one-on-one meetings between Schubert and Plaintiff, Schubert would be using her cellphone and allow herself to be distracted. She sometimes would stop these meetings to

E-FILED  2020 NOV 25 4:23 PM POLK - CLERK OF DISTRICT COURT

attend to personal issues. Plaintiff felt she was not being given the same time, respect and professional manners that her coworkers received.

19. In July 2019, Plaintiff reported Schubert's conduct to Kevin Smallwood. Plaintiff informed Smallwood that she felt Schubert hated her and was constantly treating her unprofessionally and talked to her in a disrespectful tone.

20. In early August 2019, Plaintiff had a conversation with Amy Ventling Hester. Ventling Hester suggested that Plaintiff should talk to Shubert and explain how she felt.

21. On August 29th, 2019, Plaintiff met with Schubert to discuss how she felt. Schubert responded with "well that's stupid and I hate the word hate. I didn't realize I had to change my tone with you." Plaintiff attempted to bring up her workload, Schubert responded with, "I don't know why you think you're so busy."

22. After their meeting, Plaintiff noticed that Shubert's started to treat her worse. As a result of Schubert's rudeness and unwelcoming demeanor, Plaintiff complained to Ventling Hester a second time in September 2019.

23. Ventling Hester suggested to Plaintiff that she would submit a request for a coach to step in and help her handle the situation. Plaintiff explained to Ventling Hester that she has already done so but that as her supervisor, Schubert had to approve of the arrangement.

24. Plaintiff asked Schubert about approving her request for a coach which Shubert responded by asking why she needed a coach and what exactly would she be talking to them about. Plaintiff told Schubert that she did not know exactly what situation she would need help with or talk to the coach about.

E-FILED  2020 NOV 25 4:23 PM POLK - CLERK OF DISTRICT COURT

25. Schubert told Plaintiff she felt as if Plaintiff did not want to answer or like to answer her questions.

26. Plaintiff told Schubert she was more than happy to answer her questions that she knew the answer for.

27. From her work experience, Plaintiff feels as if Schubert did not like situations that she could not exercise control over. Plaintiff believes this is why Schubert did not wish for her to have a coach, Schubert would not be able to control plaintiff's conversation with said coach.

28. In December 2019, Schubert promoted someone in the office without posting the job opening.

29. This employee was hired September 2019 and was promoted roughly 3 months after their hiring date.

30. The Defendants' company policy states that an employee must work for a year before posting or moving to a different position.

31. Between late September and December 2019, Plaintiff had few incidents with Schubert in result of Schubert ignoring her.

32. On December 13th, 2019, Plaintiff was brought into a one-on-one meeting where a representative from Human Resources was present along with Schubert.

33. Plaintiff was presented with a Performance Improvement Plan at this meeting on December 13th, 2019.

34. Plaintiff was surprised as she did not realize there were any issues with her performance and was not told there were any issues prior to this meeting.

4

E-FILED  2020 NOV 25 4:23 PM POLK - CLERK OF DISTRICT COURT

35. Schubert and the Human Resources representative told Plaintiff that the Performance Improvement Plan was an outline of expectations that Plaintiff was not meeting and that they would grant her time to review the document.

36. Once the meeting was coming to an end, Plaintiff asked to speak to Schubert alone.

37. Plaintiff met with Schubert one-on-one and asked Schubert about emails she had sent to Schubert that were ignored and left unanswered.

38. Plaintiff took this time to also ask Schubert about a project that Plaintiff has been working on. Plaintiff asked Schubert if she wanted her to travel to another office location in order to kick the project off.

39. Schubert told Plaintiff that she was going to be assigned a different project instead.

40. Plaintiff then asked Schubert, "so you are taking people who don't even know anything about the project?"

41. Schubert responded by telling Plaintiff that it was none of her concern.

42.  Schubert then proceeded to tell Plaintiff that she knew plaintiff could be a good person but that plaintiff had walls around herself that made plaintiff a cold person and that Plaintiff needed to search to determine how she could remove them.

43. Plaintiff told Schubert that she was respectful and polite to her peers and questioned whether Schubert was asking her to be friends with her co-workers.

44. Schubert reiterated to Plaintiff that she needed to do whatever it took and recommended for her to do some "internal searching."

45. Schubert did not go over the Performance Improvement Plan with Plaintiff.

E-FILED  2020 NOV 25 4:23 PM POLK - CLERK OF DISTRICT COURT

46. In reviewing the Performance Improvement Plan, Plaintiff noticed that she did not always want to be involved in discussions to represent Schubert.

47. The Performance Improvement Plan stated that Plaintiff had inadequate "project timelines."

48. Plaintiff denies this cited deficiency, as she had followed corporate policy and kept her project documentation within MS project online.

49. The performance Improvement Plan referenced a meeting that took place in March 2019. The plan stated that the meeting lacked efficiency due to the Plaintiff feeling like she did have time to attend the meeting.

50. Plaintiff asserts that because she was on approved leave through the Family Medical Leave Act at this time, and because she did not become involved with the referenced project until May 2019, that the citation on the Performance Improvement Plan was improperly issued.

51. The Performance Improvement Plan also noted that Plaintiff's use of multiple paid time off.

52. Plaintiff asserts that she had only used a few days of paid time off in July and any other time that she had been out of the office was due to medical appointments due to her breast reduction surgery.

53. On December 22, 2019, Plaintiff had a third discussion with Ventling Hester to sort out her paid time off and carryover policy.

54. Plaintiff had 120 hours of paid time off leave but it is the Defendants policy that employees may only carryover 80 hours of paid time off leave per year.

E-FILED  2020 NOV 25 4:23 PM POLK - CLERK OF DISTRICT COURT

55. Ventling Hester encouraged Plaintiff to take the 40 hours of paid time off that would not be able to be carried over to the following year if Plaintiff was caught up with work.

56. Plaintiff expressed to Ventling Hester that while she was caught up with work, she felt hesitant about using her time off because her use of paid time off in the past had been cited in her Performance Improvement Plan.

57. Ventling Hester stated to Plaintiff that she would speak with Schubert about the issue.

58. Plaintiff also brought to Ventling Hester's attention that her Performance Improvement Plan reported that she had been gossiping about another employee who was put on a Performance Improvement Plan for crying in the bathroom.

59. Plaintiff informed Ventling Hester that this claimed incident was untrue and that she was not a bully.

60. Ventling Hester told Plaintiff that she was not aware of the details and could not comment.

61. Plaintiff has a disk in her lower back that is disintegrating and some of her Vertebras are fused together. Because of this condition she has a stand-up desk for her lower back. This accommodation was signed off by a doctor.

62. Schubert informed the office that they were moving to a new area and within that new area, no stand-up desks were available.

63. Plaintiff is the only employee who uses a stand-up desk.

64. Plaintiff took paid time off from December 23rd, 2019 to January 2nd, 2020.

65. Upon Plaintiff's return, Schubert did not speak to her or include her in any emails or meetings.

E-FILED  2020 NOV 25 4:23 PM POLK - CLERK OF DISTRICT COURT

66. Plaintiff was an IT leader but was not included in leadership meetings by Shubert as she should have been.

67. In January 2020, Shubert promoted another employee who had worked there for less than a year and failed to promote that there was an opening.

68. Plaintiff was forced to resign on February 3rd, 2020 as she had made multiple complaints about Shubert's mistreatment and no actions were ever taken to correct this issue.

69. Plaintiff was not given the opportunity to promotions within the Defendants corporation and felt she was not given the opportunities to succeed.

70. Due to the issue's stated, Plaintiff resigned as her emotional suffering made her work unbearable.

71. Plaintiffs last day of work for Defendant was February 17th, 2020.

## COUNT I – HOSTILE WORK ENVIRONMENT/HARRASMENT (IOWA CODE 216)

72. Plaintiff re-pleads and incorporates Paragraphs 1-71 and 85-122 as if pled herein.

73. The hostile work environment and harassment consisted of all facts and allegations made in this petition.

74. The hostile work environment and harassment consisted of other facts as the evidence will show.

75. Defendants harassed Plaintiff by excluding her from work meetings and communications.

76. Defendants harassed Plaintiff by being rude and unprofessional towards her.

77. Defendant harassed Plaintiff by giving her a Performance Action Plan that contained false claims.

E-FILED  2020 NOV 25 4:23 PM POLK - CLERK OF DISTRICT COURT

78. Defendant's harassed Plaintiff by making her feel as if she was not able to use her Paid Time Off that she was entitled to because she was given excused time off for medical appointments.

79. Defendant's harassed Plaintiff by not approving her request for a Coach to intervene.

80. The Defendants harassed Plaintiff by singling her out for her real or perceived disability when announcing the lack of accommodations in the office space they were moving to.

81. The Defendants' DLL Finance LLC and Martina Schubert, in this case created a hostile work environment for Plaintiff based on her use of time off approved by the Family Medical Care Act and real or perceived disability.

82. The Defendants' DLL Finance LLC and Martina Schubert, in this case created a hostile work environment for Plaintiff based on her real and perceived disability, needing a stand-up desk as a doctor approved accommodation.

83. The Defendant's actions violated Iowa Code Chapter 216 in other ways as the evidence will show.

84. Defendant's actions were the proximate cause of Plaintiff's damages.

85. Plaintiff suffered damages as a result of the aforementioned hostile work environment and harassment.

**WHEREFORE**, the Plaintiff, Jeannette Fricke, respectfully prays for judgment against DLL Finance LLC and Martina Schubert, in a sum deemed reasonable and proper for compensatory damages past and future, lost wages, backpay, front pay, attorney fees, for cost and interest, and such other or further relief as just and proper.

E-FILED  2020 NOV 25 4:23 PM POLK - CLERK OF DISTRICT COURT

## COUNT II – FAILURE TO TRAIN (IOWA CODE CHAPTER 216)

**86.**  Plaintiff repleads and incorporates Paragraphs 1- 85 and 95-122 as if pled here.

**87.**  The Defendants, DLL Finance LLC and Martina Schubert, in this case, failed to adequately train the plaintiff based on her use of time off approved through the Family Medical Care Act.

**88.**  The Defendants, DLL Finance LLC and Martina Schubert, in this case, failed to give plaintiff the opportunity of a promotion that she was eligible for based on her use of time off approved through the Family Medical Care Act.

**89.**  The Defendants, DLL Finance LLC failed to adequately train the plaintiff by not responding to her questions.

**90.**  The Defendants, DLL Finance LLC failed to adequately train the plaintiff by ignoring and not responding to her emails.

**91.**  The Defendants, DLL Finance LLC failed to adequately train the plaintiff by not stepping into resolve the issue and ignoring her complaints towards the defendant ignoring her.

**92.**  The Defendants' actions violated Iowa Code Chapter 216 in such other ways as the evidence will demonstrate.

**93.**  Defendants' actions were the proximate cause of Plaintiff's damages.

**94.**  Plaintiff suffered damages as a result of the aforementioned failure to train.

**WHEREFORE, t**he Plaintiff, Jeannette Fricke, respectfully prays for judgment against, DLL Finance LLC and Martina Schubert, in a sum deemed reasonable and proper for compensatory damages past and future, lost wages, backpay, front pay, attorney fees, for cost and interest, and such other or further relief as just and proper.

## COUNT III – FAILURE TO PROMOTE (IOWA CODE CHAPTER 216)

**95.** Plaintiff repleads and incorporates Paragraphs 1-94 and 101-121 as if pled here.

**96.** The Defendants, DLL Finance LLC and Martina Shubert in this case treated plaintiff differently in the terms and conditions of her employments based on her use of time off approved through the Family Medical Care Act

**97.** The Defendants, DLL Finance LLC and Martina Schubert, in this case, failed to promote the plaintiff based on her use of time off approved through the Family Medical Care Act.

**98.** The Defendants, DLL Finance LLC and Martina Schubert, in this case, failed to promote the plaintiff based on her real or perceived disability resulting in use of time off for doctors' appointments following her breast reduction surgery.

**99.** The treatment was different as alleged in the facts and allegations in this petition.

**100.** Plaintiff suffered damages as a result of the aforementioned failure to promote.

**WHEREFORE,** the Plaintiff, Jeannette Fricke, respectfully prays for judgment against DLL Finance LLC and Martina Schubert, in a sum deemed reasonable and proper for compensatory damages past and future, lost wages, backpay, front pay, attorney fees, for cost and interest, and such other or further relief as just and proper.

## COUNT IV – DISABILITY/FMLA RETALIATION - IOWA CIVIL RIGHTS ACT
## (IOWA CODE CHAPTER 216 AND PUBLIC POLICY)

**101.** Plaintiff repleads and incorporates Paragraphs 1 -100 and 112-122 as if pled here.

**102.** The defendants in this case treated Plaintiff differently in the terms and conditions of her employment based on her use of time off approved by the Family Medical Care Act.

11

E-FILED  2020 NOV 25 4:23 PM POLK - CLERK OF DISTRICT COURT

**103.** Defendants in this case treated Plaintiff differently in the terms and conditions of her employment based on her use of time off approved by her real or perceived disability.

**104.** Defendants retaliated against plaintiff by failing to promote her.

**105.** Defendant retaliated against plaintiff by failing to train her.

**106.** Defendant retaliated against plaintiff by giving her an unwarranted Performance Action Plan.

**107.** The Defendants' actions violated Iowa Code Chapter 216

**108.** Defendant's actions violated Iowa Code Chapter 216 in such other ways as the evidence may demonstrate

**109.** Defendants actions violated a clearly established public policy.

**110.** Defendants actions were the proximate cause of Plaintiff's damages.

**111.** Plaintiff has suffered the damages of loss of past and future wages, benefits and other expenses, damages to reputation, pain and suffering, and has incurred attorney fees and expenses and such other proximate damages as are shown by the evidence.

**WHEREFORE, t**he Plaintiff, Jeannette Fricke, respectfully prays for judgment against, DLL Finance LLC and Martina Schubert, in a sum deemed reasonable and proper for compensatory damages past and future, lost wages, backpay, front pay, attorney fees, for cost and interest, and such other or further relief as just and proper.

## COUNT V – HOSTILE WORK ENVIRONMENT RESULTING IN CONSTRUCTIVE DISHARGE (IOWA CODE CHAPTER 216)

**112.** Plaintiff repleads and incorporates Paragraphs 1 -111 as if pled here

E-FILED  2020 NOV 25 4:23 PM POLK - CLERK OF DISTRICT COURT

113. The Defendants, DLL Finance LLC and Martina Shubert in this case treated plaintiff differently in the terms and conditions of her employments based on her use of time off approved through the Family Medical Care Act

114. The Defendants, DLL Finance LLC and Martina Schubert in this case failed to promote the plaintiff based on her use of time off approved through the Family Medical Care Act.

115. The Defendants, DLL Finance LLC and Martina Schubert created a hostile work environment for the plaintiff based on disability.

116. The Plaintiff is disabled.

117. Defendants' actions violated Iowa Code Chapter 216.

118. Defendats' actions were the cause of Plaintiff's damages.

119. Plaintiff suffered damages as a result of the aforementioned hostile work environment.

120. Plaintiff complained because of the hostile work environment and the Defendants failed to address the complaints.

121. As a result, Plaintiff was constructively discharged.

122. Plaintiff has suffered the damages of loss of past and future wages, benefits and other expenses, damage to reputation, pain and suffering, a loss of earnings and has incurred attorney fees and expenses and such other proximate damages as are shown by the evidence.

Plaintiff has suffered the damages of loss of past and future wages, benefits and other expenses, damages to reputation, pain and suffering, and has incurred attorney fees and expenses and such other proximate damages as are shown by the evidence.

E-FILED  2020 NOV 25 4:23 PM POLK - CLERK OF DISTRICT COURT

**WHEREFORE,** the Plaintiff, Jeannette Fricke, respectfully prays for judgment against Defendants, DLL Finance LLC and Martina Schubert, in a sum deemed reasonable and proper for compensatory damages past and future, lost wages, front pay, back pay, attorney fees, for cost and interest, and such other or further relief as just and proper.

**WHEREFORE,** the Plaintiff, Jeannette Fricke, respectfully prays for judgment against Defendants, DLL Finance LLC and Martina Schubert, in a sum deemed reasonable and proper for compensatory damages past and future, lost wages, front pay, back pay, attorney fees, for cost and interest, and such other or further relief as just and proper.

Respectfully submitted,

By:   */s/Bruce H. Stoltze, Jr.* _ _
Bruce H. Stoltze, Jr. (AT0010694)
STOLTZE & STOLTZE, PLC
300 Walnut Street, Ste. 260
Des Moines, Iowa 50309
Telephone: 515.244.1473
Facsimile: 515.244.3930
Email: bj.stoltze@stoltzelaw.com
ATTORNEY FOR PLAINTIFF

E-FILED  2020 NOV 25 4:23 PM POLK - CLERK OF DISTRICT COURT

## JURY DEMAND

COMES NOW the Plaintiff, Jeannette Fricke, and hereby demands a trial by jury of all issues properly triable to a jury.

Respectfully submitted,

By:    */s/Bruce H. Stoltze, Jr.*
Bruce H. Stoltze, Jr. (AT0010694)
STOLTZE & STOLTZE, PLC
300 Walnut Street, Ste. 260
Des Moines, Iowa 50309
Telephone: 515.244.1473
Facsimile: 515.244.3930
Email: bj.stoltze@stoltzelaw.com
ATTORNEY FOR PLAINTIFF

15